No. 18,307.

W. T. CULLEY, ET AL. *v.* GRAND JUNCTION LEGION BUILDING CORPORATION.
(331 P. [2d] 514)

Decided November 10, 1958.

Mr. ALBIN ANDERSON, JR., for plaintiffs in error.

Messrs. GROVES, DUFFORD & TURNER, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error are here in the same order in which they appeared in the trial court. We shall refer to them as plaintiffs or defendant, or by name.

Plaintiffs were lessees under a written lease from defendant of premises in Grand Junction, Colorado. The lease between the parties was dated November 22, 1952, and among other things provided: "First party [defendant] grants second parties [plaintiffs] the right to purchase said real estate and personal property should first party desire to sell same, upon the same terms and conditions as their best bona fide offer, with the right to accept or reject same within 20 days of the receipt of written notice stating the price and terms of said offer." The lease further provided that plaintiffs could assign the lease or sublet the premises without the consent of the lessor. It is agreed that on June 14, 1954, defendant gave plaintiffs notice advising them of the receipt of a bona fide offer of $55,500 for the leased property.

It is further agreed that on July 23, 1954, plaintiffs entered into an agreement with Norman Ebbley and Associates whereby plaintiffs agreed to "sell, grant, trans-

fer and convey all of their right, title and interest in and to the said Lease and Option agreement and in and to the said real estate * * * and * * * any and all other right, title, and interest in and to the said real estate from whatever source derived, on or before July 26, 1954." Ebbley agreed to advance the sum of $55,500 to plaintiffs to secure a warranty deed from defendant and to pay plaintiffs the additional sum of ten thousand dollars for all of plaintiffs' right, title and interest in and to said Lease and Option Agreement and to the said real estate from whatever source derived. Ebbley then assigned all of his right, title and interest to Uranium Center, Inc. Plaintiffs, after acquiring title to the premises by deed from defendant, conveyed the property to Uranium Center, Inc.

It is the contention of plaintiffs that the best bona fide offer received by defendant was $52,750 and that the purported bona fide offer or $55,500 included a commission of $2,750 payable to a real estate broker.

Plaintiffs sought recovery against defendant for this sum of $2,750. By answer defendant admitted the execution of the lease and option, the notice given by defendant to plaintiffs of the $55,500 offer, and denied that the best bona fide offer received by defendant was $52,750, and by counterclaim sought to recover $10,000 predicated on alleged false representations by plaintiffs that they were purchasing the property, whereas the property was purchased by Uranium Center, Inc. Attached to the defendant's answer was a copy of the contract between defendant and Amos L. Raso relating to the purchase of said property for $55,500.

Defendant moved for a summary judgment against plaintiffs based on the fact that plaintiffs had sold, granted, transferred and conveyed all the alleged rights on which their action was founded to Norman Ebbley and Associates, who in turn had assigned such rights to Uranium Center, Inc. In support of this motion defendant referred to the pleadings and the affidavit of one of

its counsel. This affidavit set forth that the sum of $55,500 was furnished by Uranium Center, Inc., and that prior to the delivery of the deed to said premises from defendant to plaintiffs, the latter had executed and delivered to Uranium Center, Inc., a deed to said property. Attached to the affidavit was a copy of the agreement between plaintiffs and Norman Ebbley and Associates whereby the latter acquired all right, title and interest of plaintiffs in and to the "Lease and Option Agreement" and by which Norman Ebbley and Associates agreed to pay plaintiffs $10,000 on acceptance of the title to said real estate "as payment in full for all of the right, title and interest of the First Parties [plaintiffs] in and to said real estate from whatever source derived." It was stipulated that the sum of $10,000 was paid pursuant to said contract.

The trial court sustained defendant's motion for summary judgment and dismissed plaintiffs' complaint. Thereafter defendant's counterclaim was dismissed. The plaintiffs are here on error seeking reversal.

■ Counsel for plaintiffs state, "The sole question raised by this appeal is: 'Does the assignment or other transfer of one's right, title and interest in a continuing contract pass to the assignee a cause of action vested in the assignor prior to assignment, in the absence of words indicating an intention to include said cause of action?' " Counsel's entire argument is grounded on this query, and he cites *Roberts v. Lehl,* 27 Colo. App. 351, 149 Pac. 851, as controlling. That case is not in point. There the lease was assigned after the injury sued upon occurred, whereas in the instant case the deposition of W. T. Culley shows that the assignee made the payment for the property pursuant to agreement with the plaintiffs by which all their rights and interest in the "lease and agreement" were assigned, and as this fact was conceded there was no dispute concerning it. Further it abundantly appears from the contract between plaintiffs and Norman Ebbley and Associates that in at least five instances reference is

made to the "lease and option agreement" dated November 22, 1952, and in which a complete assignment of said "lease and option" was made to Norman Ebbley and Associates. No independent cause of action in favor of plaintiffs accrued prior to the assignment of the interest in the lease. They, in accordance with their agreement, received from Ebbley and Associates the sum of $10,000 "as payment in full for all of the right, title and interest of First Parties [plaintiffs] in and to the said real estate from whatever source derived."

In effect the agreement between plaintiffs and Norman Ebbley and Associates was that plaintiffs sold their right to purchase said real estate for $10,000. Nothing appears in this record even remotely indicating that defendant knowingly made any false statements or had any intent to deceive plaintiffs. The option clause of the lease did *not* provide the "best bona fide offer net to lessor." Plaintiffs assigned "all of their right, title and interest in and to said Lease and Option Agreement," the only person entitled to complain was the assignee, who the record shows voluntarily paid the $55,500.

It appearing that no genuine issue as to any material fact was presented to the trial court, and plaintiffs' asserted claims were without legal substance, the entry of summary judgment in favor of defendant on plaintiffs' complaint was correct and is affirmed.